**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN LANGLOIS, | Case No.  8:22-cv-00874 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.;** |
| HENRY LEGAL GROUP, PLLC d/b/a HEARTLAND LEGAL GROUP, LLC, | **2. VIOLATION OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT OF 1984, CAL. CIV. CODE §1789.10 ET SEQ.** |
| Defendant. | **3. VIOLATIONS OF THE CALIFORNIA FAIR DEBT SETTLEMENT PROCEDURE ACT, CAL. CIV. CODE § 1788.300 *et seq.*;** |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes KRISTIN LANGLOIS ("Plaintiff"), by and through the undersigned, complaining as to the conduct of HENRY LEGAL GROUP, PLLC d/b/a HEARTLAND LEGAL GROUP, PLLC ("Defendant") as follows:

### NATURE OF THE ACTION

1

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* the California Credit Services Organizations Act of 1984 ("CCSOA") pursuant to Cal. Civ. Code §1789.10 *et seq.,* and the California Fair Debt Settlement Practices Act ("CFDSPA") under Cal. Civ. Code § 1788.300 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), over 18 years of age, residing in Huntington Beach, California, which lies within the Central District of California.

5. Defendant is a credit repair organization that offers its clients both legal and non-legal services designed to resolve their debt issues, in turn allowing such

2

consumer's to improve their credit history by using Defendant's service. Defendant is a professional limited liability company organized under the laws of the state of Michigan with its principal place of business located at 41000 Woodward Avenue, Suite 350, Bloomfield Hills, Michigan.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8.   In approximately February 2020, Plaintiff was seeking to improve her credit and try and resolve some debts that were appearing on her credit report,  and began considering whether to enlist the services of a credit repair organization or debt consolidation company.

9.   Plaintiff subsequently came upon Defendant.

10.  Plaintiff spoke with Defendant, who in turn subjected Plaintiff to an in-person meeting to explain the nature of its services and what Plaintiff could expect.

11.  Plaintiff was informed that she would enroll a number of debts in Defendant's program, make monthly payments to Defendant, and once there were enough funds from which Defendant could negotiate with her creditors, Defendant would begin working on resolving Plaintiff's debts with the creditors or those seeking collection of the enrolled debts.

12. Plaintiff clarified that she wanted the debts resolved so as to improve her credit history, and Defendant advised that, while there may be a slight diminishment to her credit score by using Defendant's program, ultimately her credit history would improve because she would have resolved debts that otherwise went unresolved.

13. Plaintiff subsequently entered into a contract with Defendant for the provision of its credit repair services and enrolled two debts in Defendant's program – one owed to Barclays Bank, and another owed to Lending Club.

14. Plaintiff's payments to Defendant totaled approximately $600 each month.

15. However, Defendant inappropriately took from Plaintiff's payments retainer fees and other service-related fees purportedly earned by Defendant, despite Defendant not having performed any services, let alone completely performing the services, that would have justified the retention of such fees.

16. Plaintiff persisted in making her monthly payments to Defendant for approximately two years.

17. Throughout this time, Plaintiff contacted Defendant on a number of occasions to inquire about the status of its services and how her payments were going towards resolving her debts.

18. In response to Plaintiff's requests for information, Defendant would persistently give Plaintiff the run-around and provide deflective answers about where exactly Plaintiff's payments were being directed.

19. Defendant persistently misrepresented where Plaintiff's payments were going as it suggested they were being put towards the enrolled debts.

20. Additionally and upon information and belief, Defendant was charging Plaintiff for additional service fees that had not been previously explained or disclosed to Plaintiff.

21. Wanting further information about the nature of Defendant's services, Plaintiff requested an accounting and itemization of where her funds were going; however, Defendant refused to provide any information or accounting of where Plaintiff's payments were being directed.

22. Additionally, despite Plaintiff making at least $14,000 in payments to Defendant, Defendant failed to settle any of the debt Plaintiff had enrolled in Defendant's program, despite Plaintiff having directed more than enough funds for Defendant to reach such settlements.

23. Defendant represented to Plaintiff that her debts would be resolved once she had made enough payments – yet such representation was rendered false, deceptive, and misleading by the way in which Defendant went about administering Plaintiff's debt resolution program and its failure to even begin resolving Plaintiff's obligations despite her maintenance of more than enough payments.

24. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm, denial of the benefit of her bargain, making payments for deficient credit repair services, relying upon Defendant's representations to her detriment, being subjected to improper fees, as well as a violation of her state and federally protected interests – interests which were harmed and put at a material risk of harm as a result of Defendant's conduct.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

28. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a. Violations of CROA § 1679b(a)

29. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the

6

credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

30. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it provided Plaintiff. Defendant represented to Plaintiff that, upon making enough payments to establish sufficient funds in a settlement fund, Defendant would be able to resolve her debts. However, despite Plaintiff sufficient payments from which at least one of the enrolled debts could have easily been resolved in line with Defendant's representations, Defendant failed to do so. As such, Defendant deceptively represented the timeline by which Plaintiff's payments would be sufficient to begin resolving her enrolled debts.

31. Defendant further violated the above referenced provisions of the CROA through its deceptive and misleading representations regarding where Plaintiff's payments were going. Throughout the parties' dealings, Defendant deceptively and misleadingly provided Plaintiff the run-around on precisely where her fees were going. Defendant engaged in this deceptive and misleading conduct in order to mislead Plaintiff into thinking that Defendant's retention of fees was justified, and to similarly attempt to convince Plaintiff that her fees were being applied as

originally represented, despite that not being the case. Defendant engaged in this deceptive and misleading run-around with Plaintiff in order to continue bilking payments from Plaintiff.

32. Defendant further violated the above referenced provisions of the CROA by deceptively representing the effectiveness of its services. Despite Plaintiff making payments for years, Defendant has failed to address any of Plaintiff's enrolled debts.

### b. Violations of CROA § 1679b(b)

33. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

34. Defendant violated § 1679b(b) through its charging and receiving of money for services it agreed to perform for Plaintiff before such services were fully performed. Defendant's practice of charging a retainer for services upfront, before such services are performed, inherently violates the CROA. Defendant similarly withheld sums from credit repair services it never actually performed, and has not refunded such payments to Plaintiff.

### c. Violation of CROA § 1679c

35. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written

statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

36. Defendant violated 15 U.S.C. § 1679c through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

### d.  Violation of CROA § 1679d(4)

37. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'"

38. Defendant violated 15 U.S.C. § 1679d(4) through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract. Nowhere in the contract between Plaintiff and Defendant does Defendant provide such a disclosure in bold face type in immediate proximity to the space reserved for Plaintiff's signature, demonstrating Defendant's direct violation of § 1679d(4).

39. As a result of Defendant's deficient contract, the contract should be deemed void and unenforceable. 15 U.S.C. § 1679f(c).

**e.  Violation of CROA § 1679f(b)**

40.  The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

41.  Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded him under the CROA. In the contract between the parties, Defendant attempts to get Plaintiff to waive a number of rights and protections afforded her. For example, Defendant's contract attempts to preclude Plaintiff from recovering his attorneys' fees if she ultimately prevails on a claim against Defendant.

42. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, KRISTIN LANGLOIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATION ACT OF 1984

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

45. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

**a.  Violation of CCSOA § 1789.13**

46. The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

47. Pursuant to § 1789.13(a), a credit services organization cannot "charge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the buyer."

48. Defendant violated § 1789.13(a) when it charged and received money from Plaintiff without fully completing the services. As alluded to *supra.,* Defendant

improperly retained Plaintiff's payments without first fully performing the services justifying such retained payments.

49. Pursuant to § 1789.13(g), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(h), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

50. Defendant violated §§ 1789.13(g)&(h) through its deceptive and misleading representations regarding the nature, cost, and efficacy of its services, as discussed *supra.*

### b. Violations of CCSOA §§ 1789.14-1789.15

51. The CCSOA, pursuant to Cal. Civ. Code § 1789.15, provides the extent of information that must be provided to a buyer by a credit services organization under § 1789.14.

52. Defendant violated these provisions of the CCSOA by failing to provide Plaintiff such disclosures and similarly failing to provide Plaintiff a copy of the disclosures.

### c. Violations of CCSOA § 1789.16(a)

53. The CCSOA, much like the CROA, requires credit services organizations to include a conspicuous statement regarding a consumer's right to cancel a contract. *See* Cal. Civ. Code § 1789.16(a)(1).

54. Defendant violated § 1789.16(a)(1) by failing to provide the required disclosure in the proper location in its contract with Plaintiff.

WHEREFORE, Plaintiff, KRISTIN LANGLOIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE CALIFORNIA FAIR DEBT SETTLEMENT PRACTICES ACT

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.301(d).

57. Defendant is a "debt settlement provider" as defined by Cal. Civ. Code § 1788.301(a).

58. Defendant does not satisfy the test necessary to be exempted from the CFDSPA for attorneys and law firms, as it charges consumers, and charged Plaintiff, for the debt resolution services it was providing. *See* Cal. Civ. Code § 1788.304(c).

### d. Violation of CFDSPA § 1788.302

#### a. Violations of § 1788.302(a)

59. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(a), provides that "[a] debt settlement provider shall not engage in false, deceptive, or misleading acts or practices when providing debt settlement services." Further, "without limiting the general applicability of the foregoing," conduct violates § 1788.302(a) if it includes "[o]mitting any material information." Cal Civ. Code § 1788.302(a)(3).

60. Defendant violated § 1788.302(a) of the CFDSPA in much the same way it violated the CROA and CCSOA's prohibitions on deceptive and misleading conduct.

61. Defendant further violated Cal. Civ. Code § 1788.302(a)(3) when it omitted material information from Plaintiff regarding the way in which Plaintiff's payments were being applied. Plaintiff requested this material information, yet Defendant consciously chose to omit such material information from Plaintiff and thus leave her completely in the dark regarding how Plaintiff's payments were being applied.

#### b. Violations of § 1788.302(c)

62. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(c), provides that "[a] debt settlement provider . . . shall not engage in unfair, abusive, or deceptive acts or practices when providing debt settlement services . . . ." Without limiting the general

14

applicability of this prohibition, it is considered unfair, abusive, and deceptive for a debt settlement provider to "request[] or receive[] payment of any fee or consideration for debt settlement services, unless and until": (1) some sort of settlement or alteration of an enrolled debt has occurred; (2) a consumer has made at least one payment pursuant to the negotiated debt; and the fee must be proportional or otherwise represent a percentage of the amount saved. agreement between the consumer and the creditor. Cal. Civ. Code § 1788.302(c)(2).

63. Defendant violated § 1788.302(c) through its unfair and deceptive conduct directed towards Plaintiff. As alluded to *supra.,* Defendant engaged in a series of deceptive and unfair conduct in connection with the services it provided Plaintiff.

64. Furthermore, Defendant violated § 1788.302(c)(2) through its requesting and receiving payment from Plaintiff for its debt resolutions services upfront, before completing any of the services it represented it would perform. Rather than wait to collect its fees until it actually provided some benefit to Plaintiff, Defendant instead began siphoning off Plaintiff's payments for charges and fees it had not actually incurred and which were entirely premature given Defendant's subsequent complete failure to perform any of the services it represented it would perform.

WHEREFORE, Plaintiff KRISTIN LANGLOIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1788.305(b)(1)(B);

c. Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.305(b)(1)(A), of $5,000.00 per violation of this title;

d. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1788.305(b)(3);

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 26, 2022                      Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com